IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION, ) | | |
| ) | | |
| PLAINTIFF, ) | No. 4:19-cv-760 | |
| ) | | |
| v. ) | | |
| ) | JURY TRIAL DEMANDED | |
| EDGEWOOD MANOR OPCO, LLC, ) | | |
| ) | | |
| DEFENDANT. ) | | |

**COMPLAINT**

**NATURE OF THE ACTION**

1. This is an action under the Equal Pay Act of 1963 (EPA), 52 Stat. 1062, as amended, 29 U.S.C. § 206(d) *et seq*. As alleged with greater particularity below, Edgewood Manor OPCO, LLC illegally paid Maisha Hill less than it paid men for doing a job with the same required skill, effort, responsibility, and working conditions.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

3. This action is authorized and instituted pursuant to 29 U.S.C. §§ 216-217, to enforce the EPA's substantive provision prohibiting unequal pay on the basis of sex, 29 U.S.C. §§ 206(d), 215(a)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because the Defendant is located in the jurisdiction of the United States District Court for the Western District of Missouri and because a substantial portion of the employment practices alleged to be unlawful were committed within this jurisdiction.

**PARTIES**

5. Plaintiff Equal Employment Opportunity Commission is the agency of the United States charged with the enforcement of the Equal Pay Act and is authorized to bring this action pursuant to 29 U.S.C. §§ 216-217, as amended by Reorganization Plan No. 1 of 1978, 43 F.R. 19807, 92 Stat. 3781, 5 U.S.C. App. § 1 (Supp. 2014), p. 230, ratified by Pub. L. 98-532, § 1, 98 Stat. 2705 (1984).

6. Defendant Edgewood Manor OPCP, LLC ("Edgewood") is a limited liability company doing business in Raytown, Missouri.

7. At all relevant times, Edgewood was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all relevant times, Edgewood continuously employed employees engaged in commerce within the meaning of 29 U.S.C. § 203(b) and (e).

**ADMINISTRATIVE PROCEDURES**

9. On March 6, 2019, Maisha Hill filed a charge of discrimination with the Commission against Edgewood.

10. On August 29, 2019, following the Commission's investigation, the

Director of the Kansas City Area Office issued a Letter of Determination finding reasonable cause to believe that Edgewood violated the EPA.

## STATEMENT OF FACTS

11. Maisha Hill ("Hill") began working as a Licensed Practical Nurse (LPN) at Edgewood in March 2017.

12. Edgewood Manor is a Delaware based limited liability company doing business as Edgewood Manor Center for Rehab and Care.

13. Hill had almost three years' experience as an LPN when she began working at Edgewood.

14. Edgewood Manor paid Hill an hourly rate of pay was $21.00/hour with a 50-cent shift differential for night shift work.

15. Edgewood Manor paid a male LPN, Phillipe Phillips, $25.00/hour for doing a job with the same required skill, effort, responsibility and working conditions.

16. Edgewood Manor paid a male LPN, Steven Fiedler, $25.00/hour for doing a job with the same required skill, effort, responsibility and working conditions.

17. Edgewood Manor's Business Office/HR/Payroll manager, Laura Palt stated, during the Commission's investigation, that Hill should have been paid $25.00/hour when she was hired.

18. Palt also said that from May 8, 2017, to March 2, 2019, Hill worked

3

2820 hours and should have been paid $4.00 more per hour; during the same period Hill worked 119 hours of overtime which should have been paid at time-and-a half.

19. Edgewood Manor increased Hill's pay to $25.00/hour on or about March 3, 2019.

20. Hill worked for Edgewood until July 28, 2019.

21. Because Hill earned less than comparable male LPNs she filed a charge of discrimination with the Commission on March 6, 2019.

## STATEMENT OF CLAIM
(EPA Unequal Pay)

22. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

23. Edgewood Manor's acts or omissions resulted in it unfairly paying Hill less base salary than men for the same job with the same required skill, effort, and responsibility, and violated 29 U.S.C. §§ 206(d), 215(a)(2).

24. Edgewood Manor's unlawful actions were willful.

25. Edgewood Manor's acts or omissions resulting in its paying Hill less base salary than it paid men were neither in good faith nor did it have reasonable grounds for believing that its acts or omissions were not a violation of the EPA.

26. As a direct and proximate result of Edgewood Manor's violation of 29 U.S.C.§§ 206(d), 215(a)(2), Hill suffered damages.

# PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Edgewood Manor violated 29 U.S.C. §§ 206(d), 215(a)(2) when it discriminated against Hill by paying her a base salary less than the base salary it pays male employees for a job that requires substantially equal skill, effort, and responsibility, and is performed under similar working conditions;

B. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that violation of 29 U.S.C. §§ 206(d), 215(a)(2) was willful.

C. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Edgewood Manor's acts or omissions giving rise to its violation of 29 U.S.C. §§ 206(d), 215(a)(2) were not in good faith nor did Edgewood Manor have reasonable grounds for believing that its acts or omissions were not a violation of the EPA/ Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. 201 *et seq;*

D. Grant judgment requiring Edgewood Manor to pay Hill three years of back pay (from the date this action was filed) and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216 for its violation of 29 U.S.C. §§ 206(d) and 215(a)(2);

E. Issue a permanent injunction, pursuant to 29 U.S.C. § 217,

prohibiting Edgewood Manor, its administrators, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from paying women less than men for jobs that require substantially equal skill, effort, and responsibility, and are performed under similar working conditions in violation of 29 U.S.C. §§ 206(d), 215(a)(2);

F. Grant such other and further relief as this Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial in Kansas City.

>Respectfully submitted,
>
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>
>SHARON FAST GUSTAFSON
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>ANDREA G. BARAN, #46520MO
>Regional Attorney
>St. Louis District Office
>1222 Spruce St., Room 8.100
>St. Louis, MO 63103

6

314-539-7910 (voice)
Email: andrea.baran@eeoc.gov

C. FELIX MILLER, #28309MO
Supervisory Trial Attorney
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
314-539-7914 (voice)
Email: felix.miller@eeoc.gov

/s/*Dayna F. Deck*
Dayna F. Deck # 39033MO
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Kansas City Area Office
400 State Ave., Suite 905
Kansas City, KS 66101
913-551-5848(voice)
913-551-6957(fax)
Email: dayna.deck@eeoc.gov

7

Case 4:19-cv-00760-GAF   Document 1   Filed 09/19/19   Page 7 of 7